IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-08-213-C |
| ) | |
| JENNIFER ROE MEINER, ) | |
| a/k/a "Jen," ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant was charged with harboring a fugitive pursuant to 18 U.S.C. § 1701. Trial began on October 14, 2008, and on October 16, the jury announced that it was unable to reach a verdict. On October 21, 2008, a federal grand jury returned a superseding indictment charging the defendant with harboring a fugitive in violation of 18 U.S.C. § 1701 and making a false statement to law enforcement officials in violation of 18 U.S.C. § 1001. Defendant then filed a motion to dismiss the indictment, arguing that it violates double jeopardy. (See Dkt. No. 29.) The government filed a response. (Dkt. No. 34.)

The Fifth Amendment provides that no one may be twice placed in jeopardy for the same offense. U.S. Const. amend. V. Jeopardy attaches at the time a jury is empaneled and sworn. United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977). In order for the Double Jeopardy Clause to apply, some event must occur that terminates the original jeopardy. Richardson v. United States, 468 U.S. 317, 325 (1984). The Supreme Court recognized that when a court declares a mistrial due to a hung jury, the original jeopardy does not terminate, so that the defendant may be retried for the same offense without violating the

Fifth Amendment proscription against double jeopardy. Id. at 326-27. Courts have long considered such a mistrial to be an instance of "manifest necessity." Id. at 323.

The situation becomes more complicated when the government adds new charges to the indictment upon retrial, as it has done here. Defendant argues that Ashe v. Swenson, 397 U.S. 436 (1970), mandates that the government is collaterally estopped from trying her under the superseding indictment. She argues that evidence of the false statement made by Defendant was already put before the jury during the first trial as the physical act required for the crime of harboring a fugitive. Defendant's reliance on Ashe and the doctrine of collateral estoppel is misplaced, however. First, the defendant in Ashe was tried and acquitted of the robbery of one person during his first trial, and was subsequently indicted and tried for the robbery of another person. Because Defendant here was not acquitted of harboring a fugitive, but rather the Court declared a mistrial due to a hung jury, the fundamental analysis is different. An acquittal is considered a jeopardy-terminating event, Ball v. United States, 163 U.S. 662, 671 (1896), while a mistrial is not. Richardson, 468 U.S. at 326-27. The government in Ashe was constitutionally prohibited from retrying the defendant for the crime for which he was acquitted, while the government in this case may prosecute the Defendant once again for the same crime. Second, the doctrine of collateral estoppel cannot apply in this case. It provides that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe, 397 U.S. at 443. This doctrine does not bar

Defendant's retrial here because there has been no valid and final judgment with respect to an issue of ultimate fact.

Courts have recognized that the government may, following a mistrial, file a superseding indictment that alters or adds charges, and such prosecution will not violate the Double Jeopardy Clause. United States v. Mosquera, 95 F.3d 1012, 1013 (11th Cir. 1996); United States v. Corona, 804 F.2d 1568, 1570-71 (11th Cir. 1986); see also Howard v. United States, 372 F.2d 294, 299-300 (9th Cir. 1967). Additional charges must be considered separate offenses, however, or else they are barred by Blockburger v. United States, 284 U.S. 299 (1932). They are considered separate when the relevant statutes each require proof of an element which the other does not. Id. at 304.

Here, Defendant is charged with violating two different statutes that clearly proscribe different conduct. 18 U.S.C. § 1071 requires the government to prove four elements: (1) a federal arrest warrant was issued for the fugitive; (2) the defendant knew that an arrest warrant had been issued for the fugitive; (3) the defendant actually harbored or concealed the fugitive; and (4) the defendant intended to prevent the fugitive's discovery or arrest. United States v. Zabriskie, 415 F.3d 1139, 1145 (10th Cir. 2005). 18 U.S.C. § 1001, by contrast, requires the government to prove that the defendant knowingly made a false, fictitious, or fraudulent statement to a government official that pertained to any matter within the jurisdiction of the executive, legislative, or judicial branch. Each statute quite clearly requires proof of different elements than the other, and therefore the additional charge in the superseding indictment relates to a separate offense than that of harboring a fugitive.

Therefore, the government may charge Defendant with the additional crime of making a false statement without violating <u>Blockburger</u> or the Double Jeopardy Clause. Accordingly, Defendant's motion to dismiss indictment is DENIED.

IT IS SO ORDERED this 14th day of November, 2008.

ROBIN J. CAUTHRON
United States District Judge